RECEIVED
2005 MAY 25 P 3:54
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

MELVIN LOWE,

    Plaintiff,

vs.

Case No. 2:05-cv-___495-W___

MONTGOMERY COUNTY BOARD OF EDUCATION, et al.,

    Defendants.

## NOTICE OF REMOVAL

COME NOW the Petitioners, Montgomery County Board of Education, Vickie Jernigan, Mark LaBranche, Tommie Miller, Mary Briers, Dave Borden, Henry A. Spears, Beverly Ross and Dr. Carlinda Purcell, and file this Notice of Removal, and respectfully show unto this Honorable Court as follows:

    1.    Petitioners, Montgomery County Board of Education, Vickie Jernigan, Mark LaBranche, Tommie Miller, Mary Briers, Dave Borden, Henry A. Spears, Beverly Ross and Dr. Carlinda Purcell, are Defendants in a civil suit filed in the Circuit Court of Montgomery, Alabama. The style of the action in the Circuit Court is <u>Melvin Lowe v. Montgomery County Board of Education, Vickie Jernigan, Mark LaBranche, Tommie Miller, Mary Briers, Dave Borden, Henry A. Spears, Beverly Ross and Dr. Carlinda Purcell</u>; Case No. CV-2005-1048. A copy of the *Summons* and *Complaint* is attached as Exhibit "A".

    2.    Plaintiff alleges he was unlawfully and intentionally discriminated against and retaliated against in reference to compensation, promotions, tenure, classification and other terms and conditions of employment in violation of Title VII, 42 U.S.C. § 2000(e), et seq., as amended, and that Defendants, in violation of 42 U.S.C. § 1983, have deprived him of clearly established statutory and/or constitutional rights under the First and Fourteenth Amendments to the United States Constitution by subjecting him to retaliation and discriminatory employment practices. Plaintiff additionally alleges a cause of action (Count III) grounded in state law, wherein he alleges that Defendants violated their own policies and Plaintiff seeks declaratory and equitable relief regarding such violation of Board policies.

    Inasmuch as 28 U.S.C. §1331 states that "The District Court shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States," this action is proper for removal. Under 28 U.S.C. §1441(b), any civil action of which the district courts have original jurisdiction shall be removable without regard to the citizenship or residence of the parties. To effect such removal, the petitioners must file a Notice of Removal signed pursuant to Rule 11 of the *Federal Rules of Civil Procedure*, which contains a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon the petitioners. The Petitioners do so with this petition.

    Federal question jurisdiction is proper in this matter, notwithstanding any ancillary state law claims. The existence of these additional or otherwise non-removable claims or causes of action does not prevent removal. 28 U.S.C. §1441(c). It is clear from the drafting of plaintiff's Complaint that the federal question is the central issue of this litigation.

- 1 -

3. The United States District Court for the Middle District of Alabama, Northern Division, has jurisdiction of this cause by virtue of the federal question jurisdiction under 28 U.S.C. §§ 1331 and 1441.

4. This matter is being removed to the United States District Court for the Middle District of Alabama, Northern Division because Defendants are resident citizens of Montgomery County and Defendant Montgomery County Board of Education is the duly elected board of the public school system of Montgomery County, Alabama. This petition is properly placed in the Northern Division of the United States District Court for the Middle District of Alabama, as Montgomery County is in the Northern Division.

5. The Summons and Complaint filed in the Circuit Court of Montgomery County were served on the Petitioner, Montgomery County Board of Education and the individual Defendants, on May 2, 2005. These Defendants have not filed an Answer in this matter. See attached case action summary from the State of Alabama Judicial Information System, marked as Exhibit "B."

6. A true copy of this Notice has been filed with the Clerk for the Circuit Court of Montgomery County, Alabama, as required by law.

WHEREFORE, said Petitioners pray that this Honorable Court will consider this Notice as provided by law governing the removal of causes to this Court, that this Court will make the proper orders to effect the removal of this cause from the Circuit Court of Montgomery County, Alabama, to this Court, and such other and further orders as may be appropriate as to effect the preparation and filing of a true record in this case of all proceedings that may have been had in the Circuit Court.

DONE THIS 25th day of May, 2005.

MONTGOMERY COUNTY BOARD OF EDUCATION, VICKIE JERNIGAN, MARK LABRANCHE, TOMMIE MILLER, MARY BRIERS, DAVE BORDEN, HENRY A. SPEARS, BEVERLY ROSS and DR. CARLINDA PURCELL, Defendants,

By: /s/ James R. Seale
James R. Seale (SEALJ3617)
HILL, HILL, CARTER,
  FRANCO, COLE & BLACK, P.C.
Post Office Box 116
Montgomery, Alabama 36101-0116
(334) 834-7600
(334) 263-5969 - fax
E-mail: jrs@hillhillcarter.com
Counsel for Defendants
wwm/6630.0157/f:Notice of Removal-Federal Court.wpd

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this date served a true and correct copy of the foregoing *Notice of Removal* upon William F. Patty, Esquire, Beers, Anderson, Jackson, Patty & Van Heest P.C., Post Office Box 1988, Montgomery, Alabama 36102-1988; by placing same in the United States Mail, postage prepaid and properly addressed this the 25th day of May, 2005.

/s/ James R. Seale
James R. Seale

EXHIBITS

TO THIS DOCUMENT

ARE NOT SCANNED.

THEY ARE FILED

IN CONVENTIONAL FORMAT

AND AVAILABLE FOR VIEWING

IN THE CLERK'S OFFICE.