IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

|  |  |  |
|---|---|---|
| MELVIN LOWE, | ) | |
| | ) | |
| Plaintiff/Petitioner, | ) | |
| | ) | |
| vs. | ) | **CIVIL ACTION NO: 2:05-CV-0495** |
| | ) | |
| MONTGOMERY COUNTY BOARD | ) | |
| OF EDUCATION; VICKIE JERNIGAN, | ) | |
| MARK LaBRANCHE, TOMMIE | ) | |
| MILLER, MARY BRIERS, DAVE | ) | |
| BORDEN, HENRY A. SPEARS and | ) | |
| BEVERLY ROSS, in their official | ) | |
| capacities as members of the | ) | |
| Montgomery County Board of Education;) | | |
| and Dr. CARLINDA PURCELL, in her | ) | |
| official capacity as Superintendent of the | ) | |
| Montgomery County Board of | ) | |
| Education, | ) | |
| | ) | |
| Defendant/Respondent. | ) | |

## AMENDED COMPLAINT

**COMES NOW**, the Plaintiff/Petitioner Melvin Lowe, by and through counsel, files this amended complaint.

1.      Plaintiff/Petitioner Melvin Lowe is an adult resident of Montgomery County, Alabama.

2.      The Montgomery County Board of Education (hereinafter "the Board") is a governmental entity located in Montgomery County, Alabama and authorized to provide public educational services for Kindergarten through 12th Grade Students of Montgomery County, Alabama.

3.      a.      Vickie Jernigan is a Board member for the Montgomery County Board of Education at all times material to this suit.

b.      Mark LaBranche is a Board member for the Montgomery County Board of Education at all times material to this suit.

c.      Tommie Miller is a Board member for the Montgomery County Board of Education at all times material to this suit.

d.      Mary Briers is a Board member for the Montgomery County Board of Education at all times material to this suit.

e.      Dave Borden is a Board member for the Montgomery County Board of Education at all times material to this suit.

f.      Henry A. Spears is a Board member for the Montgomery County Board of Education at all times material to this suit.

g.      Beverly Ross is a Board member for the Montgomery County Board of Education at all times material to this suit.

h.      Dr. Carlinda Purcell is the Superintendent for the Montgomery County Board of Education.

These individuals are sued in their official capacity only.

4.      This complaint seeks damages pursuant to claims under Federal and State Law as well as injunctive and declaratory relief. This suit further seeks a petition for mandamus.

5.      From 1999 to 2002, Plaintiff Lowe was employed with the Montgomery County Board of Education. At the end of 2002, Lowe was non-renewed from the Montgomery County Board of Education and denied tenure. Lowe has sought jobs with the school system to continue his work and was denied those additional positions. Lowe worked the 2002-2003 school year in the Bullock County School System and had a position in that school system for the 2003/2004 school

year.

6.    In the Summer of 2003, Lowe sought positions from the Montgomery County Board of Education and was denied positions. In the Fall of 2003, Lowe interviewed with Montgomery County Board of Education for a position posted as Reading Coach. He was told the position with the Montgomery County Board of Education was to be a Reading Coach. He was led to believe by decision makers with the Montgomery County Board of Education that the position would be as a Reading Coach. He was qualified to hold this position. Representations were made by officials with the Montgomery County Board of Education to the Bullock County Board of Education in order for him to be released from his Bullock County contract so that he could move to Montgomery County to be a Reading Coach. Since his return in October 2003 to the Montgomery County Board of Education, he performed the job of a Reading Coach, and he has been arbitrarily and capriciously denied pay for that position as a Reading Coach. The Board promogates policies and pay schedules for certain positions and Lowe has been paid a wage and contract lower than what would be required for his position and the policies of the Montgomery County Board of Education. Lowe has given notice to management of the Montgomery County Board of Education of his objection to this pay. Upon information and belief, Plaintiff Lowe believes that it was the intention of the then-Superintendent Carter and management with the Montgomery County Board of Education that Plaintiff Lowe not receive or ever receive a position above a classroom nine-month teacher. Since the Fall of 2003, Mr. Lowe has repeatedly applied for positions and promotions in the school system and been repeatedly denied those promotions, even though he was qualified for those positions. In the Summer of 2004 and within 180 days of filing his complaint with the EEOC, Lowe applied for a position at McGhee Junior High, and he was chosen for this position by the Principal at McGhee

-3-

Junior High. It is the custom and practice of the Montgomery County Board of Education to hire the person recommended by the principal.

Upon information and belief of Lowe the then-Superintendent Carter and/or management of Montgomery County Board of Education refused to hire Lowe for that position which would have been an Administrative Assistant Position for the 2004-2005 school year and would have been an increase in pay and a promotion. A female was hired for this position and it was communicated to Lowe that the Superintendent and/or management of Montgomery County Board of Education decided that a female rather than a male should be hired for the Administrative Assistant position, due to her gender. Lowe was qualified for this position. Although, another principal in the Montgomery County School System wished to hire Lowe as a SIA or Title I position, Montgomery County Board of Education refused to promote him to that position. This would have been an increase in pay and promotion. In that instance the School filled the position with the female rather than follow the wishes of the principal. The position was filled by Central Office Management before the position had finished posting.

7.    Lowe's mother filed an EEOC complaint against the school system prior to Lowe seeking these positions, and to the information and belief of Lowe, the Montgomery County Board of Education has refused to hire him with these promotions, provide tenure, and pay properly for position of Reading Coach due to his association with his mother and his objections regarding his treatment with the system.

8.    His classifications as the Reading Coach as far as pay was arbitrary and capricious in that he was paid a lesser amount than the policy of the School Board to pay such persons performing the duties of such a Reading Coach. Since his filing of his EEOC complaint, the Board

has refused to grant him leave for Professional Development even though his Principal, who he currently works for, has approved this leave. This damages his ability to develop professionally in his career.

9.    In one instance the Montgomery County Board of Education hired an Administrative Assistant over Lowe who was not currently certified in Administration as Lowe was. This variance was made purportedly because the principal recommended the hiring of this individual; however the then-Superintendent Carter and management of the Montgomery County Board of Education would not provide jobs to Lowe for positions he was qualified to hold when he was recommended by the principal wanting to hire him. The person hired in this particular instance was a female.

10.    Plaintiff Lowe has filed a timely charge of discrimination with the Equal Employment Opportunity Commission against Defendants, complaining of Discrimination and Retaliation and has received a Statutory Right-to-Sue letter which is attached hereto as "Exhibit A".

11.    Plaintiff has exhausted his administrative remedies and satisfied all jurisdictional requirements prior to filing this action under Title VII of the Civil Rights Act of 1964, 42 USC §2003, et seq.

## COUNT I

12.    Plaintiff/Petitioner realleges, reavers, and readopts by reference the proceeding paragraphs of this complaint as if filly set out herein.

13.    Defendant Montgomery County Board of Education is the employer of Plaintiff within the definition of Title VII, 42 USC §2000e, et seq., as amended.

14.    Defendant Montgomery County Board of Education unlawfully and intentionally discriminated against Plaintiff in reference to compensation, promotions, tenure, classifications and

other terms and conditions of employment because of his sex, gender, and/or race, in violation of Title VII, 42 USC §2000e, et seq., as amended.

15.    Defendant Montgomery County Board of Education unlawfully and intentionally retaliated against Plaintiff by denial of tenure, denial of proper pay, denial of promotions, and leave for filing an EEOC complaint and opposing discriminatory practices by Defendant, Montgomery County Board of Education in violation of Title VII, 42 USC §2000e, et seq., as amended, and due to his association with someone who filed an EEOC complaint.

16.    Plaintiff has suffered as a proximate cause of the violation of Title VII as alleged herein economic loss, lost wages, mental anguish and other compensatory damages.

17.    Defendant Montgomery County Board of Education has a pattern of practice against discriminating against males and/or African-Americans in its employment, promotion and work assignments.

Wherefore, Plaintiff respectfully requests this Honorable Court to provide the following relief against Defendant Montgomery County Board of Education.

a.    Issue declaratory judgment finding that said Defendants' actions set out above violated 42 USC §2000e et seq., as amended.

b.    Enter a mandatory and permanent injunction to enjoin said Defendant and its successors, agents, servants and employees for discriminating on the basis of retaliation, race or sex in their employment practices, in their compensation, terms and conditions, and privileges of employment in violation of 42 USC §2000e, et seq., as amended, and to enter appropriate order in equity to remedy discrimination of Defendant Montgomery County Board of Education in the compensation, privileges and conditions of employment of Plaintiff and to remedy past retaliation

-6-

and to prevent further retaliation as described above.

      c.     Plaintiff requests Court to assign backpay, seniority, tenure status, retirement benefits, allowances to Plaintiff that he would have been entitled to absence retaliation and discrimination, as well as to assign appropriate promotion that he would have been entitled to in absence of discrimination and retaliation.

      d.     Enter an order requiring said Defendant to make Plaintiff whole by granting appropriate declaratory injunctive relief, compensatory, nominal and punitive damages, including an award for emotional distress, backpay, attorney's fees, expenses and costs in an amount to be determined by the trier of fact.

      e.     Grant such additional and further relief as scored deemed proper and just under the circumstances.

## COUNT II

18.     Plaintiff/Petitioner hereby realleges, reavers, and adopts by reference as set out fully herein all material allegations contained in the preceding paragraphs of this complaint.

19.     Defendant Montgomery County Board of Education through the final policy maker and through the custom, practice and polices have intentionally, under the color of law in violation of 42 USC §1983, deprived Plaintiff of clearly established statutory and/or constitutional rights under the First and Fourteenth Amendment of the United States Constitution by subjecting him to retaliation for the exercise of free speech and for his association with his mother and in discriminatory employment practices based upon sex and/or race, in the pay provided to Plaintiff, denial of tenure to Plaintiff, denial of promotions, denial of professional leave and on other terms and conditions of his employment, and in creating arbitrary and capricious classifications with regard

to his pay and others performing similar work.

WHEREFORE, PREMISES CONSIDERED, Plaintiff/Petitioner Melvin Lowe seeks to recover against Defendant Montgomery County Board of Education compensatory and punitive damages, plus back pay plus interest and injunctive relief and re-declaratory relief, costs and attorney's fees.

**COUNT III**

20.    Plaintiff/Petitioner hereby realleges, reavers, and adopts by reference as set out fully herein all material allegations contained in the preceding paragraphs of this complaint.

21.    Defendant Montgomery County Board of Education, Board Members, and the Superintendent promogated certain policies pursuant to their authority for the governance of the Montgomery County Board of Education.  Those policies involve salary schedule placement and policies for the pay for certain positions performed by employees of the system.

22.    Plaintiff avers that Defendants violated these policies through the payment of Plaintiff for a Reading Coach position.  Plaintiff is not paid the same wages as others for the similar work in accordance with the policies and in accordance with the policies of Defendants.  Plaintiff brings this action in equity and as a writ of mandamus to order Defendants to conform to such policies and to provide declaratory and equitable relief regarding past violations of such policies.

23.    Due to Defendants' violations of said policies, Plaintiff has been injured and damaged, and may suffer future damages unless no perspective declaratory and injunctive relief is granted.

**COUNT IV**

24.    Plaintiff/Petitioner hereby realleges, reaveres, and adopts by reference as set out

-8-

fully herein on the two allegations contained in the preceding paragraphs of this complaint.

25.    Defendant Montgomery County Board of Education is an employer of the Plaintiff within the definition of Title VII, 42 U.S.C. §2000e, et seq., as amended.

26.    Plaintiff filed this lawsuit on April 27, 2005. The service of this lawsuit was made on May 2, 2005 to Defendants.

27.    On May 18, 2005, Plaintiff received a non-renewal notice of his employment with the Montgomery County Board of Education. On May 19, 2005, Plaintiff was told by his supervisor that he had made a mistake in filing his lawsuit and that senior management from Defendant Montgomery County Board of Education stated to his supervisor that the Plaintiff should not have filed his lawsuit and as a result of filing the lawsuit, he was non-renewed, and the school that he was teaching at was going to be punished. At around the time of the non-renewal notice, Plaintiff attended a meeting wherein Superintendent Purcell told a group of teachers and school personnel at the school Plaintiff taught that the school would be closed but all personnel would receive positions in the system.

28.    On June 22, 2005, Plaintiff writes to Superintendent Purcell and outlines the communications he has had with his supervisor on May 19, 2005 and also writes an additional letter to senior management personnel on the same date and reiterates his understanding that the individuals from his school that were displaced by the closing of the school would be moved into different positions in the system.

29.    About the time of these letters, Plaintiff was told by Superintendent Purcell that Principals had to recommend individuals for the individuals to be hired and she would follow the recommendations of the principals but that no principal had asked to hire him. Therefore, he was

not retained for positions that he was qualified to hold in the system.

30.     During the Summer of 2005, Plaintiff repeatedly applied for numerous positions throughout the system. During that summer everyone from Daisy Lawrence, Plaintiff's former school, including both tenured and non-tenured position were placed in a position in the system except for Plaintiff. Plaintiff was interviewed by four principals who each indicated in the interview in the Summer of 2005 they wished to hire him. However, Defendants blocked such hiring. Particularly, one principal during the summer of 2005 insisted that Defendants hire Plaintiff for a position at his school but was told he could not hire Plaintiff specifically and was told he had to hire someone else. Plaintiff was qualified for these positions.

31.     Defendant Montgomery County Board of Education unlawfully and intentionally discriminated against Plaintiff in reference to his non-renewal and application for re-hiring, and other terms and conditions of his employment because of his sex, gender, and/or race in violation of Title VII, 42 U.S.C. §2000e, et seq., as amended.

32.     Defendant Montgomery County Board of Education unlawfully and intentionally retaliated against Plaintiff by non-renewing his employment and refusing to rehire him for positions with Defendant based upon the filing of an EEOC complaint, opposing discriminatory practices by Defendant Montgomery County Board of Education, and filing this lawsuit against Montgomery County Board of Education all in violation of Title VII, 42 U.S.C. §2000e, et seq., as amended, and due to his association with someone who has filed an EEOC complaint.

33.     Plaintiff has suffered as a proximate cause of the violation of Title VII as alleged herein economic loss, lost wages, mental anguish and other compensatory damages.

34.     Defendant Montgomery County Board of Education has a pattern and a practice of discriminating against males and/or African Americans in its employment, promotion, work

-10-

assignments, and for retaliation against those opposing unlawful employment practices or filing suits or claims regarding same.

WHEREFORE, Plaintiff respectfully this Honorable Court to provide the following relief against the Montgomery County Board of Education:

a.     Issue declaratory judgment finding that said Defendants' actions set out above violated 42 USC §2000e et seq., as amended.

b.     Enter a mandatory and permanent injunction to enjoin said Defendant and its successors, agents, servants and employees for discriminating on the basis of retaliation, race or sex in their employment practices, in their compensation, terms and conditions, and privileges of employment in violation of 42 USC §2000e, et seq., as amended, and to enter appropriate order in equity to remedy discrimination of Defendant Montgomery County Board of Education in the compensation, privileges and conditions of employment of Plaintiff and to remedy past retaliation and to prevent further retaliation as described above.

c.     Plaintiff requests Court to assign backpay, seniority, tenure status, retirement benefits, allowances to Plaintiff that he would have been entitled to absence retaliation and discrimination, as well as to assign appropriate promotion that he would have been entitled to in absence of discrimination and retaliation.

d.     Enter an order requiring said Defendant to make Plaintiff whole by granting appropriate declaratory injunctive relief, compensatory, nominal and punitive damages, including an award for emotional distress, backpay, attorney's fees, expenses and costs in an amount to be determined by the trier of fact.

e.     Grant such additional and further relief as scored deemed proper and just under the circumstances.

## COUNT V

35.    Plaintiff/Petitioner hereby realleges, reaveres, and adopts by reference as fully set out herein all material allegations contained in the preceding paragraphs of this complaint.

a.    Defendant Montgomery County Board of Education through the final policy maker and through the custom, practice and polices have intentionally, under the color of law in violation of 42 USC §1983, deprived Plaintiff of clearly established statutory and/or constitutional rights under the First and Fourteenth Amendment of the United States Constitution by subjecting him to retaliation for the exercise of free speech, for seeking redress of wrongs through the court, and for his association with his mother and in discriminatory employment practices based upon sex and/or race, in the pay provided to Plaintiff in non-renewal of his employment and refusal to rehire him in the Spring and Summer of 2005, and on other terms and conditions of his employment, and in creating arbitrary and capricious classifications with regard to his pay and others performing similar work.

WHEREFORE, PREMISES CONSIDERED, Plaintiff/Petitioner Melvin Lowe seeks to recover against Defendant Montgomery County Board of Education compensatory and punitive damages, plus back pay plus interest and injunctive relief and re-declaratory relief, costs and attorney's fees.

This case was removed from State Court filing. This Court has jurisdiction over this action under 28 U.S.C. §1331. Venue is proper in this District due to 28 U.S.C. §1391.

DONE this the _____ 7th _____ day of October, 2005.

**WILLIAM F. PATTY (PAT038)**
Attorney for Plaintiff Melvin Lowe

**OF COUNSEL:**
BEERS, ANDERSON, JACKSON,
   PATTY & VAN HEEST, P.C.
P.O. Box 1988
Montgomery, AL 36102-1988
334-834-5311 (phone)
334-834-5362 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing AMENDED COMPLAINT has been served upon all parties to this action by depositing a copy of same in the U.S. Mail, postage prepaid, addressed as follows:

James R. Seale, Esq.
Hill, Hill, Carter, Franco, Cole & Black
P.O. Box 116
Montgomery, AL 36101-0116

on this the ____ day of October, 2005.

**OF COUNSEL**