# EXHIBIT J

|  |  |
|---|---|
| Chief Executive Officer<br>MONTGOMERY BOARD EDUCATION<br>307 South Decatur Street<br>Montgomery, AL 36104 | RECEIVED<br>JAN 0 9 2004<br>SUPT'S OFFICE |

| PERSON FILING CHARGE |
|---|
| Pamela Cloud |
| THIS PERSON (check one or both)<br>[X] Claims To Be Aggrieved<br>[ ] Is Filing on Behalf of Other(s) |
| EEOC CHARGE NO.<br>130-2004-01126 |

## NOTICE OF CHARGE OF DISCRIMINATION
(See the enclosed for additional information)

This is notice that a charge of employment discrimination has been filed against your organization under:

[X] Title VII of the Civil Rights Act  
[ ] The Americans with Disabilities Act  
[X] The Age Discrimination in Employment Act  
[ ] The Equal Pay Act

The boxes checked below apply to our handling of this charge:

1. [ ] No action is required by you at this time.

2. [ ] Please call the EEOC Representative listed below concerning the further handling of this charge.

3. [X] Please provide by **05-FEB-04** a statement of your position on the issues covered by this charge, with copies of any supporting documentation to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.

4. [ ] Please respond fully by _____ to the enclosed request for information and send your response to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.

5. [X] EEOC has a Mediation program that gives parties an opportunity to resolve the issues of a charge without extensive investigation or expenditure of resources. If you would like to participate, please say so on the enclosed form and respond by **21-JAN-04** to **Debra B. Leo, ADR Coordinator, at (205) 731-0810**
If you DO NOT wish to try Mediation, you must respond to any request(s) made above by the date(s) specified there.

For further inquiry on this matter, please use the charge number shown above. Your position statement, your response to our request for information, or any inquiry you may have should be directed to:

Donald P. Burris,  
Deputy Director  
EEOC Representative  
Telephone. (205) 731-0793

Birmingham District Office  
Ridge Park Place  
1130 22nd Street, South  
Birmingham, AL 35205

Enclosure(s): [X] Copy of Charge

CIRCUMSTANCES OF ALLEGED DISCRIMINATION  
[X] RACE [ ] COLOR [ ] SEX [ ] RELIGION [ ] NATIONAL ORIGIN [X] AGE [ ] DISABILITY [ ] RETALIATION [ ] OTHER

See enclosed copy of charge of discrimination.

Lowe v. MCBOE  
Supp. Corp. Rep. Disclosures  
1729

| Date | Name / Title of Authorized Official | Signature |
|---|---|---|
| Jan 05, 2004 | Donald P. Burris, Acting Director | *[signed]* |

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

| AGENCY | CHARGE NUMBER |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | 130-2004-01126 |

and EEOC

State or local Agency, if any

**NAME** (Indicate Mr., Ms., Mrs.)
Ms. Pamela Cloud

**HOME TELEPHONE** (Include Area Code)
(334) 272-8866

**STREET ADDRESS**  **CITY, STATE AND ZIP CODE**
2100 Walbash Drive, Montgomery, Alabama 36116

**DATE OF BIRTH**
05/24/55

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (Include Area Code) |
|---|---|---|
| Montgomery County Board of Education | 500 plus | (334) 223-6700 |

**STREET ADDRESS**  **CITY, STATE AND ZIP CODE**
307 South Decatur Street, Montgomery, Alabama 36104

**COUNTY**
Montgomery

**CAUSE OF DISCRIMINATION BASED ON** (Check appropriate box(es))

☒ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☒ AGE
☐ RETALIATION  ☐ NATIONAL ORIGIN  ☐ DISABILITY  ☐ OTHER (Specify)

**DATE DISCRIMINATION TOOK PLACE**
EARLIEST (ADEA/EPA)    LATEST (ALL)
                                              12/01/03

☒ CONTINUING ACTION

**THE PARTICULARS ARE** (If additional paper is needed, attach extra sheet(s)):

SEE ADDENDUM ATTACHED

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the foregoing is true and correct.

*[signature]* Pamela Cloud
12/31/03  Charging Party (Signature)

**NOTARY** – (When necessary for State and Local Requirements)

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT *[signature]*

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Day, month, and year)
12/31/03

EEOC FORM 5 (Test 10/94)

Lowe v. MCBOE
Supp. Corp. Rep. Disclosures
1730

# ADDENDUM TO THE CHARGE OF DISCRIMINATION OF PAMELA CLOUD

My name is Pamela Cloud, white female, age 48. I am employed as an elementary school teacher with the Montgomery County Board of Education and have been so employed since 1989, and I am tenured in my position. I hold an Education Specialist degree for grades Preschool through 12th grade and am highly qualified for the position I hold as well as promotions for which I have applied.

Since August, 2003, I have applied for several higher positions with the Montgomery County Board of Education; among them are:
1. Lead Teacher, Hayneville Road Elementary School;
2. Reading Coach, Hayneville Road Elementary School;
3. Administrative Assistant, Lee High School;
4. Title I Coordinator, Central Office (Title I);
5. Administrative Assistant, Wares Ferry Elementary School;
6. Administrative Assistant, Peter Crump Elementary School;
7. Educational Specialist for Curriculum, McKee Junior High School.

In each case I was denied the position and the successful applicant was Black and has qualifications no better than mine. In the case of the Hayneville Road Elementary School Reading Coach position, the successful applicant was substantially younger than I, and she has demonstrably lower qualifications.

I was informed by Carolyn Hicks, an employee of the MCBE and the person who is responsible for hiring teachers and some administrative personnel, that the MCBE has a policy or carries out a practice of racially balancing administrative staffs at individual schools. When I asked about why I did not receive the Administrative Assistant position at Lee High School, Ms. Hicks told me that when the Principal of a school is white, MCBE attempts to fill the Administrative Assistant position with a Black applicant. I was also informed by Randy Shaw, Principal of Peter Crump Elementary School, and Randy Skipper, Principal of Lee High School, in words to this effect, that there is an unwritten policy to racially balance the administrative staffs of MCBE schools. I believe, based on my own observation, that this policy is carried out with regard to the schools in integrated or predominately White areas of Montgomery County. In predominately Black areas, however, it is more common for Black principals to have Black administrative assistants.

I have also been denied an opportunity to attend an advanced training program, which opportunity was given to a similarly situated Black teacher who has qualifications no better than mine and who has fewer years of experience than I.

Lowe v. MCBOE
Supp. Corp. Rep. Disclosures
1731

I have been the victim of discrimination based on my race, White, and my age, 48, in violation of my rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981, and the Age Discrimination in Employment Act.

*[signature]*
PAMELA CLOUD

SWORN TO and SUBSCRIBED before me this ____ day of December, 2003.

_____
NOTARY PUBLIC, State at Large
My commission expires 11/06/04

Lowe v. MCBOE
Supp. Corp. Rep. Disclosures
1732

RECEIVED
2004 SEP 22 P 3:40
PAMELA CLOUD, T. CLK
DEBRA P. HACKETT CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

FILED
SEP 22 2004
CLERK
U.S. DISTRICT COURT
— ALA

RECEIVED
SEP 28 2004
SUPT'S OFFICE

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

PAMELA CLOUD,

v.                                    Civil Case No. 2:04CV893-A

MONTGOMERY COUNTY
BOARD OF EDUCATION and           *JURY TRIAL DEMANDED*
CLINTON CARTER,
    Defendant.

## COMPLAINT

COMES NOW Plaintiff Pamela Cloud (hereinafter, "Plaintiff"), against the above-captioned defendant, and would show unto the Court as follows:

### JURISDICTION AND VENUE

1. Plaintiff files this Complaint and invokes the jurisdiction of this Court under and by virtue of 28 U.S.C. §1331 and §1343, to obtain compensatory and punitive damages as well as injunctive and declaratory relief. Defendant violated Plaintiff's rights as guaranteed by the Constitution of the United States and by Federal law, particularly 42 U.S.C. § 2000e, et seq. (Title VII of the Civil Rights Act of 1964, as amended), 29 U.S.C. § 623, et seq. (Age Discrimination in Employment Act [ADEA]), 42 U.S.C. § 1981 by and through 42 U.S.C. § 1983, and the Fourteenth Amendment to the United States Constitution, by and through 42 U.S.C. § 1983.

2. Venue is proper since the violations of Plaintiff's rights as alleged herein occurred in Montgomery County, Alabama and were committed within the Middle District of the State of Alabama.

1

3. Plaintiff has exhausted all administrative procedures prerequisite to bringing this action as to her claims under Title VII and the ADEA by virtue of having received a "Notice of Right to Sue," received August 10, 2004, granting her the right to bring this action which was brought within 90 days of receipt of the said letter, thus satisfying jurisdictional requirements and conditions precedent to the bringing of the action.

## PARTIES

4. Plaintiff, who is over the age of 19 years, is and at all times material hereto was a member of two protected classes, white, and over 40 years of age, and a citizen of the United States and the State of Alabama, residing in Montgomery County, Alabama.

5. Defendant Montgomery County Board of Education (hereinafter, "MCBE") is a governmental entity which operates the public schools of Montgomery County, Alabama.

6. Defendant Clinton Carter (hereinafter, "Carter") is and at all times material hereto was the Superintendent of Education of the Montgomery County Board of Education and was the ultimate decision maker as to the employment actions made the basis of Plaintiff's claims. Defendant Carter is sued in his individual capacity for money damages and in his official capacity for prospective injunctive relief.

## NATURE OF PROCEEDINGS

7. This is a proceeding for a declaratory judgment as to Plaintiff's rights and for a permanent injunction, restraining the defendants from maintaining a policy, practice, custom or usage of discrimination against Plaintiff because of her race and age. The Complaint also seeks restitution to Plaintiff of all rights, privileges, benefits and income that would have been received by Plaintiff but for the defendants' unlawful and

2

discriminatory practices. Further, Plaintiff seeks compensatory and punitive damages for the wrongs alleged herein or, in the alternative, nominal damages. Further, Plaintiff seeks prospective injunctive relief.

8. Plaintiff avers that the defendants acted to deny Plaintiff her rights under the laws of the United States of America and that such actions by the defendants were designed to discriminate against her as to employment.

9. Plaintiff avers that the actions of the defendants were intended to specifically deny her rights because she is white.

10. Plaintiff avers that the actions of the defendants were intended to specifically deny her rights because she is over 40 years of age.

11. As a proximate result of the illegal actions alleged above, Plaintiff has been damaged in that she has been deprived of employment, pay, benefits, seniority, tenure, and opportunity for further promotion and pay increases.

12. As a direct and proximate result of the aforesaid acts of the defendants, Plaintiff has suffered great mental anguish from then until now, and will continue to suffer in the future, and has been greatly humiliated.

13. Plaintiff avers that the defendants acted willfully, knowingly, and purposefully with the specific intent to deprive Plaintiff of her rights as alleged above and to cause Plaintiff mental anguish and public ridicule and to discriminate against her because of her race and age.

## FACTS

3

Lowe v. MCBOE
Supp. Corp. Rep. Disclosures
1735

14. Plaintiff expressly adopts as if fully set forth herein the allegations in the foregoing paragraphs.

15. Plaintiff is a white female over the age of 40.

16. Plaintiff is employed as a reading teacher at a secondary alternative school by defendant MCBE, under the supervision of defendant Carter, and has been so employed since 1989.

17. Plaintiff holds an advanced Education Specialist degree in administration and supervision for grades Preschool through 12th grade. Plaintiff is highly qualified for the position she holds as well as positions for which she has applied.

18. Plaintiff has always performed her duties in accordance with the reasonable expectations of her employer.

19. Within 180 days preceding the filing of her Charge of Discrimination against the defendant with the Equal Employment Opportunity Commission, Plaintiff applied for several higher positions held open for application by the defendants. Those positions include:

    a. Lead Teacher, Hayneville Road Elementary School;

    b. Reading Coach, Hayneville Road Elementary School;

    c. Administrative Assistant, Lee High School;

    d. Title I Coordinator, Central Office (Title I);

    e. Administrative Assistant, Wares Ferry Elementary School;

    f. Administrative Assistant, Peter Crump Elementary School;

    g. Educational Specialist for Curriculum, McKee Junior High School.

Lowe v. MCBOE
Supp. Corp. Rep. Disclosures
1736

20. Plaintiff did not receive appointment to any of the positions for which she applied.

21. In each case, the successful applicant was African-American.

22. In each case the successful applicant had qualifications no better than those of Plaintiff and, in several cases, qualifications decidedly inferior to those of Plaintiff.

23. At least one of the vacancies (Reading Coach, Hayneville Road Elementary School) was filled by a person substantially younger than Plaintiff and whose qualifications were demonstrably lower than those of Plaintiff.

24. Plaintiff also applied for, and was denied, an opportunity to attend at least one advanced training program which would have given her additional opportunities for advancement and promotion. The person selected for the advanced training program was a similarly situated African-American teacher whose qualifications are no better than Plaintiff's, and who has fewer years of experience than Plaintiff.

25. The defendants have a policy, or carries out a practice, of consciously "balancing" administrative staffs at their schools by reference to race.

26. Plaintiff has been denied opportunities for promotion and advancement because of her race, white, and her age, over 40.

27. Plaintiff has been damaged thereby.

## CAUSES OF ACTION

28. As to each of the following causes of action, Plaintiff expressly adopts as if fully set forth in each cause of action the allegations of all foregoing paragraphs.

### COUNT I – RACE DISCRIMINATION (42 U.S.C. § 2000e) – MCBE

29. Plaintiff is a member of a protected racial group, white.

5

Lowe v. MCBOE
Supp. Corp. Rep. Disclosures
1737

30. Higher-grade jobs were available, and the defendants sought applicants to fill them.

31. Plaintiff was qualified for each and every position.

32. Plaintiff applied for each and every position.

33. Plaintiff's applications were rejected.

34. The positions remained open, and a member of a non-protected group, an African-American person, was selected for each and every position.

35. The employer in this case is MCBE; the selecting official was Carter.

36. Plaintiff has been damaged by the conduct of defendant MCBE in that she has been denied promotions and advancement and has been denied increased pay, title, prestige and status. She has been further damaged in that she has been denied an opportunity to move into a career field in which she will have opportunity for future advancement. She has been further damaged in that she has suffered emotional distress, mental anguish, embarrassment, humiliation, and a loss of enjoyment of life.

## COUNT II – RACE DISCRIMINATION (42 U.S.C. § 1981) – MCBE AND CARTER

37. Plaintiff is a member of a protected racial group, white.

38. Higher-grade jobs were available, and the defendant sought applicants to fill them.

39. Plaintiff was qualified for each and every position.

40. Plaintiff applied for each and every position.

41. Plaintiff's applications were rejected.

42. The positions remained open, and a member of a non-protected group, an African-American person, was selected for each and every position.

6

Lowe v. MCBOE
Supp. Corp. Rep. Disclosures
1738

43. Plaintiff has been damaged by the conduct of the defendants in that she has been denied promotions and advancement and has been denied increased pay, title, prestige and status. She has been further damaged in that she has been denied an opportunity to move into a career field in which she will have opportunity for future advancement. She has been further damaged in that she has suffered emotional distress, mental anguish, embarrassment, humiliation, and a loss of enjoyment of life.

## COUNT III – EQUAL PROTECTION (42 U.S.C. § 1983) – CARTER

44. Plaintiff is a member of an identifiable racial group, white.

45. Plaintiff is a member of an identifiable age group, over 40.

46. Higher-grade jobs were available, and the defendant sought applicants to fill them.

47. Plaintiff was qualified for each and every position.

48. Plaintiff applied for each and every position.

49. Plaintiff's applications were rejected.

50. The positions remained open, and a member of a different identifiable racial group, an African-American person, was selected for each and every position.

51. In at least one instance, the position remained open and a member of a different identifiable age group, substantially younger than Plaintiff, was selected for the position.

52. Plaintiff is presently employed by MCBE and is under the supervision of Carter; she thus has standing to pray for prospective injunctive relief.

53. The defendant is a State actor and was carrying out State action at all times material hereto.

7

Lowe v. MCBOE
Supp. Corp. Rep. Disclosures
1739

54. The defendant's actions as toward Plaintiff constituted invidious discrimination on the basis of race and age.

55. The defendant is liable over to Plaintiff for having violated her rights to equal protection of the laws pursuant to the Fourteenth Amendment to the United States Constitution, by and through 42 U.S.C. § 1983.

56. The defendant is liable in his individual capacity for damages, both legal and equitable suffered by Plaintiff. The defendant is liable in his official capacity for prospective injunctive relief to protect plaintiff from future acts of discrimination.

57. Plaintiff has been damaged by the conduct of the defendants in that she has been denied promotions and advancement and has been denied increased pay, title, prestige and status. She has been further damaged in that she has been denied an opportunity to move into a career field in which she will have opportunity for future advancement. She has been further damaged in that she has suffered emotional distress, mental anguish, embarrassment, humiliation, and a loss of enjoyment of life. Absent injunctive relief, Plaintiff is in immediate danger of irreparable harm for which she will have no remedy at law – continued discrimination on the basis of her age and race.

## COUNT IV – AGE DISCRIMINATION (29 U.S.C. § 623) – MCBE

58. Plaintiff is a member of a protected group, over 40 years of age.

59. A job was available, and the defendant sought applicants to fill it.

60. Plaintiff was qualified for the position.

61. Plaintiff applied for the position.

62. Plaintiff's application was rejected.

8

Lowe v. MCBOE
Supp. Corp. Rep. Disclosures
1740

63. The position remained open, and a member of a non-protected group, a person substantially younger than Plaintiff, was selected for the position.

64. The successful applicant had qualifications significantly less than those of Plaintiff, including significantly less experience than that of Plaintiff.

65. Plaintiff has been damaged by the conduct of the defendant in that she has been denied a position and has been denied increased pay, title, prestige and status. She has been further damaged in that she has been denied an opportunity to move into a career field in which she will have opportunity for future advancement. She has been further damaged in that she has suffered emotional distress, mental anguish, embarrassment, humiliation, and a loss of enjoyment of life.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment in her favor as follows:

a) Enter a declaratory judgment that the discriminatory and harassing practices complained of herein are unlawful and violative of Title VII of the Civil Rights Act of 1964, as amended, the Civil Rights Act of 1871, the Fourth Amendment to the United States Constitution, and the Age Discrimination in Employment Act;

b) Permanently enjoin the defendants, their agents, successors, officers, employees, attorneys and those acting in concert with it or them from engaging in each of the unlawful practices, policies, customs, and usages set forth herein, and from continuing any and all other practices shown to be in violation of applicable law;

Lowe v. MCBOE
Supp. Corp. Rep. Disclosures
1741

c) Order modification or elimination of practices, policies, customs, and usages set forth herein and all other such practices shown to be in violation of applicable law that they do not discriminate on the basis of race or age;

d) As against defendant MCBE, grant Compensatory damages of Three Hundred Thousand Dollars ($300,000.00) for violations of Title VII including racial discrimination;

e) As against defendant MCBE grant statutory damages and liquidated damages for violations of the Age Discrimination in Employment Act;

f) As against defendant MCBE and defendant Carter in his individual capacity, grant compensatory and punitive damages in the amount of Five Hundred Thousand Dollars ($500,000.00) for violations of the Civil Rights Act of 1871, 42 U.S.C. §§ 1981 and 1983;

g) Order defendants MCBE and defendant Carter in his official capacity to make Plaintiff whole by hiring Plaintiff for one of the positions sought or the equivalent of such positions;

h) As against the defendants, grant equitable relief to Plaintiff, including back pay and instatement or, in lieu of instatement, a reasonable sum of money by way of front pay;

i) In the alternative, grant to Plaintiff nominal damages and equitable relief;

j) Grant Plaintiff the cost of this action including attorneys' fees and expenses;

k) Grant such other, further and different relief, both legal and equitable, as this Court may deem just and proper.

10

Lowe v. MCBOE
Supp. Corp. Rep. Disclosures
1742

<u>PLAINTIFF DEMANDS TRIAL BY JURY</u>

RESPECTFULLY SUBMITTED on this the 14 day of September 2004.

/s/ Jay Lewis
JAY LEWIS (LEW031)
Plaintiff's attorney

LAW OFFICES OF JAY LEWIS, LLC
P.O. Box 5059
Montgomery, AL 36103
(334) 263-7733

11