# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| MELVIN LOWE, ) | |
| ) | |
| Plaintiff/Petitioner, ) | |
| ) | |
| vs. ) | CIVIL ACTION NO: 2:05-CV-495WKW |
| ) | |
| MONTGOMERY COUNTY BOARD ) | |
| OF EDUCATION; VICKIE JERNIGAN, ) | |
| MARK LaBRANCHE, TOMMIE ) | |
| MILLER, MARY BRIERS, DAVE ) | |
| BORDEN, HENRY A. SPEARS and ) | |
| BEVERLY ROSS, in their official ) | |
| capacities as members of the ) | |
| Montgomery County Board of Education; ) | |
| and DR. CARLINDA PURCELL, in her ) | |
| official capacity as Superintendent of the ) | |
| Montgomery County Board of ) | |
| Education, ) | |
| ) | |
| Defendants/Respondent. ) | |

## PLAINTIFF'S OBJECTIONS TO DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO SUMMARY JUDGMENT

**COMES NOW** Plaintiff Melvin Lowe (hereinafter "Lowe"), by and through counsel, and objects to DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT. For the reasons set forth herein, Plaintiff objects to the following assertions by Defendants and submits that it is inappropriate for judicial consideration.

Plaintiff objects to the Defendants' argument in rebuttal regarding the positions for which Plaintiff applied in 2004. Defendants, for the first time, argue that Plaintiff has failed to present evidence that he was sufficiently qualified for the positions. However, as is briefed fully in

PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT and incorporated herein, Plaintiff has met his burden.

It is well established by Alabama jurisprudence that in order to prove a case of discrimination, Plaintiff must prove (1) that he is a member of a protected class, (2) that he was qualified for the position sought, (3) that he was denied the position, and (4) some additional factor that would allow an inference of discrimination. *White v. Verizon South, Inc.,* 299 F. Supp.2d 1235, 1241 (M.D. Ala. 2003) citing *Texas Dept. of Cmty. Affairs v. Burdine*, 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981). Once Plaintiff establishes a prima facie case of discrimination, the burden shifts to the Defendants to produce a legitimate, non-discriminatory reason for the employment decisions made. *Jackson v. State of Alabama State Tenure Comm'n,* 405 F.3d 1276 (11th Cir. 2005).

In their argument for summary judgment, the Defendants focused on the successful applicant and the legitimate, non-discriminatory reason given for hiring said applicant was simply that the applicant was qualified for the position. The Defendants did not argue that Plaintiff is unable to establish a prima facie case of discrimination, rather they attached the curriculum vitae and certification of the successful candidate as evidence of the legitimate, non-discriminatory reason for the hiring decisions made. Plaintiff responded that the Defendants failed to establish a legitimate, non-discriminatory reason for hire since they offered only evidence that the successful candidates were qualified and no evidence to show that they were more qualified than the Plaintiff.[1] Defendants did not argue or offer evidence to suggest the successful applicants were more qualified than Lowe. Nonetheless, Lowe presented evidence that he was in fact qualified for the positions

---

[1] A comparison of Lowe's certification and resume to those of the successful applicants reveals that many of the successful applicants possess the same certification as Lowe.

sought. PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT was supported by Lowe's deposition in which he outlined his educational background and certification as well as the testimony of Defendants' 30(b)(6) representative who testified that Lowe was qualified for the positions sought in 2004. (Exhibit D to Plaintiff's Response to Defendants' Summary Judgment Motion, p. 189, L. 11-12). It was not until Defendants' reply to Plaintiff's response to their summary judgment motion did Defendants first assert that Lowe was not qualified for the positions sought. Defendants' never raised an issue that Lowe was not qualified for the positions sought until now, as such, it is not a proper rebuttal and not due judicial consideration[2].

For the foregoing reasons, Plaintiff objects to the Defendants' assertions and to the court's consideration of same with regard to the issue of summary judgment.

---

[2] Defendants also argue that the positions sought in 2004 are not properly pled. However, as argued at length in Plaintiff's main brief, this is not a valid argument. Plaintiff's EEOC complaint was based on the positions sought in 2004 (see Exhibit I to Plaintiff's Response to Defendants' Motion for Summary Judgment, p. 2, ¶¶ 9-17). Plaintiff's EEOC Complaint stated "From August 2003 to August 2004, I have applied for numerous positions with the employer and they were awarded to White and/or female employees or employees who were not associated with persons who have filed charges of employment discrimination against the employer." (Exhibit L to Plaintiff's Response to Defendants' Motion for Summary Judgment, p. 1). Plaintiff's Amended Complaint is premised upon an allegation that Plaintiff was discriminated against for positions he sought from 2003 to present. Plaintiff further asserts that the 2004 positions establish a pattern and practice of discrimination by the Board. Defendants never requested a more definite statement or served contention interrogatories asking the basis of Plaintiff's claim. Defendants questioned Lowe about the 2004 positions in his deposition and moved for summary judgment as to the 2004 jobs. Plaintiff responded to Defendants' Motion for Summary Judgment, and for the first time, Defendants contend these positions are not properly before the court. This issue has been rendered moot by Defendants' failure to raise this argument earlier in this litigation and Plaintiff objects to the fact that Defendants' did not afford him an opportunity to respond to these allegations by raising same their Summary Judgment Motion.

**RESPECTFULLY SUBMITTED**, this the 2nd day of June, 2006.

/s/  William F. Patty
**WILLIAM F. PATTY (PAT038)**
Attorney for Plaintiff Melvin Lowe

**OF COUNSEL:**
BEERS, ANDERSON, JACKSON,
   PATTY & VAN HEEST, P.C.
P.O. Box 1988
Montgomery, AL 36102-1988
334-834-5311 (phone)
334-834-5362 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing PLAINTIFF'S OBJECTIONS TO DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

James R. Seale, Esq.
HILL, HILL, CARTER, FRANCO, COLE & BLACK
P. O. Box 116
Montgomery, AL 36101-0116

on this the 2nd day of June, 2006.

/s/  William F. Patty
**OF COUNSEL**